## N. Y. COMMON PLEAS.

BENNY AUERBACH agt. THE NEW YORK CENTRAL AND HUD-
SON RIVER RAILROAD COMPANY.

*Railroads— Right of company to limit time in which ticket shall be used—
How far passenger bound by such limitation.*

The holder of a limited ticket, bearing an agreement upon its face that it
was good only between the date of its purchase and the end of the day
designated by the punch mark on its margin, is not entitled to use such
ticket after the expiration of such date, if it be the fault of the
passenger that the ticket has expired before he has arrived at his
distinction.

*General Term, January*, 1881.

*Before* C. P. DALY, *Ch. J.;* J. F. DALY *and* VAN
HOESEN, *JJ.*

*A. Blumenstiel*, for plaintiff.

*Frank Loomis*, for defendant.

VAN HOESEN, *J.* — The ticket which the plaintiff bought at
St. Louis on September 21, 1877, bears upon its face the fol-
lowing words : The holder hereof, in consideration of the
reduced rate at which this ticket is sold, agrees with the
respective companies over whose road such holder is to be
carried to use the same on or before the date as canceled by
punch on the margin of this contract ticket ; and the holder
hereof failing to comply with this agreement, either of said
companies may refuse to accept this ticket, or any coupons
thereof, and demand a full regular fare, which the holder
agrees to pay. The date on the margin which was canceled
by the punch was September 26, 1877. The ticket was, there-

Auerbach agt. New York Central and Hudson River R. R. Co.

for, a limited ticket, which was good between the date of its purchase and the end of the day designated by the punch mark on its margin, but not good after that time. The words are clear and unambiguous, and they expressly say that the ticket was to be used on or before the twenty-sixth day of September, and that the company might reject the ticket and demand full fare from the passenger if it were not so used. Giving to the language the construction which would naturally be placed upon it, it seems plain that the ticket could not be used on the twenty-seventh of September. It is said, however, that the words ought not to be construed so as to make the ticket, which was good at the beginning, bad if the train should not arrive at the end of the day named in the margin. Such a construction is said to be unreasonable. It is not unreasonable, if such be the import of the language of the ticket. Is it not quite as unreasonable to allow a passenger with a limited ticket, which declares that it shall not be good after a certain date, to enter the cars five minutes before midnight of the day specified and then begin a journey that may not end for three or four days afterward. The running of trains, as everybody knows, is regulated by time tables, and a person about to purchase a ticket may always ascertain the time ordinarily taken by the cars to arrive at a given point. He may, if he chooses, know at what time it will be necessary for him to start in order to reach his destination before his ticket, if it be limited as to time, had expired. If he delays his departure, or if for purposes of his own he leaves the train and breaks up his journey, so that the day designated by his ticket as the limit beyond which it will not be accepted has passed before his travel is at an end, he ought not to complain if the railroad company do exactly what the ticket declares it may do—reject the ticket and collect the fare anew. The case is different when he begins his journey in time to reach his destination in the usual course of travel, before the expiration of the limit fixed by the ticket, but is prevented by delays occurring upon the railroad from finishing it in the

lifetime of the ticket. In such a case he may, without regard to the limit, travel upon the ticket to the point for which he bought it. In short, if it be the fault of the passenger that the ticket has expired before he has arrived at his destination, he must bear the loss and pay the regular fare; but if his failure to reach the point for which the ticket was bought is imputable to the railway company, he is entitled to use the ticket, though the time for which it is limited has passed.

In the case before us there is nothing to show that there was any delay on the part of the company. On the contrary, it appears that the plaintiff himself was responsible for his failure to arrive in New York before the ticket expired. On the afternoon of the twenty-sixth, the last day on which, according to its terms, the ticket could be used, he took the cars at Rochester to come to New York. His ticket was accepted by the company as good and sufficient for the twenty-sixth, and he traveled upon it until he arrived at Hudson, which he did at three o'clock in the morning of the twenty-seventh. The conductor then said that the ticket had expired at midnight, and that as the twenty-seventh of September had come the plaintiff must pay his fare to New York. This the plaintiff would not do, and he was, thereupon, without unnecessary violence put off the train.

I think that he was rightfully put off, and that the judgment should be affirmed, with costs.